

# Notice of Service of Process

**SBR / ALL**
**Transmittal Number: 21507344**
**Date Processed: 05/13/2020**

| | |
|---|---|
| **Primary Contact:** | Noelle C Herrman<br>Consulate Healthcare<br>5102 West Laurel Street<br>Ste 700<br>Tampa, FL 33607 |
| **Electronic copy provided to:** | LaShelle Tomblin |
| **Entity:** | 3101 Ginger Drive Operations LLC<br>Entity ID Number  3088038 |
| **Entity Served:** | 3101 Ginger Drive Operations, LLC d/b/a Heritage Healthcare Center at Tallahassee |
| **Title of Action:** | Archie Hogan Jr. vs. 3101 Ginger Drive Operations, LLC d/b/a Heritage Healthcare |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Leon County Circuit Court, FL |
| **Case/Reference No:** | 2020 CA 000222 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/12/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Marie A. Mattox<br>850-383-4800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

T2015269

Filing # 102608279 E-Filed 02/02/2020 10:06:18 PM

IIN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ARCHIE HOGAN JR.,**

    **Plaintiff,**

v.

**3101 GINGER DRIVE OPERATIONS, LLC**
**D/B/A HERITAGE HEALTHCARE**
**CENTER AT TALLAHASSEE,**

    **Defendant.**

_____/

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

2020 CA 000222

**SUMMONS**



THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **3101 GINGER DRIVE OPERATIONS, LLC d/b/a**
    **HERITAGE HEALTHCARE CENTER AT TALLAHASSEE**
    **C/O CORPORATION SERVICE COMPANY**
    **1201 HAYS STREET**
    **TALLAHASSEE, FL 32301**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, Florida 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____2/3/2020_____, 2020.

CLERK OF THE CIRCUIT COURT

By: _____

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ARCHIE HOGAN JR.,**

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

    **Plaintiff,**

v.

**3101 GINGER DRIVE OPERATIONS, LLC**
**D/B/A HERITAGE HEALTHCARE**
**CENTER AT TALLAHASSEE,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, ARCHIE HOGAN JR., hereby sues Defendant, 3101 GINGER DRIVE OPERATIONS, LLC D/B/A HERITAGE HEALTHCARE CENTER AT TALLAHASSEE, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes and the Fair Labor Standards Act, codified at 29 U.S.C. §201 et seq..

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, ARCHIE HOGAN JR., has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race (African-American), and his complaints about not being properly paid overtime.

4. At all times pertinent hereto, Defendant, 3101 GINGER DRIVE OPERATIONS, LLC D/B/A HERITAGE HEALTHCARE CENTER AT TALLAHASSEE, has been organized

and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a 35-year-old African-American, began his employment with Defendant in or around June of 2015 and held the position of Maintenance Assistant at the time of his wrongful constructive termination on November 19, 2017.

7. Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age (35) and race (African-American).

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Administrator Heidi Smith and the new Administrator who replaced her.

9. Plaintiff was often assigned extra duties for which he was given no extra compensation. To wit, Plaintiff was tasked with creating an evacuation route after Defendant's facility caught fire. Plaintiff did so in coordination with the Fire Department and did not get so much as a thank you, let alone compensated. Defendant would also frequently make Plaintiff do state inspections without pay and would force Plaintiff to remain at the facility without any

overtime pay or compensation for going above and beyond his job duties. Further, Administrator threatened Plaintiff's job if he did not come to work when asked, even if he was not scheduled.

10. Defendant would also force Plaintiff to drive residents to their appointments and activities when they did not have a driver and Administrator Smith threatened Plaintiff's job when his license was suspended.

11. Further, Plaintiff was singled out as the only on call maintenance worker and given a work cell phone to keep at all times to always be on call, for which Plaintiff was not properly compensated. Defendant would also force Plaintiff to perform tasks that it knew he was not licensed for including without limitation A/C repairs, electrical repairs, mechanical repairs, and plumbing repairs.

12. When Plaintiff reported these unfair and unlawful labor practices to Defendant, Defendant would pressure Plaintiff to perform the tasks, asking him what he was hired for if he cannot handle the tasks assigned.

13. Plaintiff routinely took on extra tasks and worked overtime when he was called upon. Whenever Plaintiff questioned and complained to Defendant about being compensated for the multiple hours of call-out work, Defendant claimed that he was not approved to do the work and thus Defendant was not going to pay Plaintiff.

14. Plaintiff's hourly rate was $12.00 an hour and he frequently worked overtime each week for more than three years with an overtime rate of $18.00 an hour. Plaintiff has been denied due compensation for his work even after reporting to Defendant that he was not being properly paid.

15. During his employment, Plaintiff was denied a promotion to Maintenance Director due at least in part to his race and/or age, and/or due to his complaints about not being paid properly including not being paid overtime.

16. Defendant frequently told Plaintiff that he would never make a Maintenance Director's position in his field of work because of the way he looked referring to Plaintiff's race and/or age.

17. Defendant hired two Maintenance Directors both in their 50's and white, one of whom was the brother in law of Administrator Heidi Smith.

18. Plaintiff was more qualified than the directors hired, specifically Administrator Smith's brother in law. Defendant even forced Plaintiff to train the new directors to take a job which should have been given to Plaintiff.

19. On or about November 19, 2017, Defendant suspended Plaintiff pending resolution of a criminal charge brought against him which he denied and which was ultimately dropped.

20. Once the charges were dropped, Plaintiff submitted his paperwork showing that the charges were dropped to Defendant and requested to be placed back to work.

21. Plaintiff was told that Heidi Smith no longer worked for Defendant and her replacement told Plaintiff, without any knowledge of Plaintiff's qualifications, and based in part off of Plaintiff's race and/or age, that she would not hire him and would not consider his claim that he was only on suspension pending a favorable court outcome.

22. Plaintiff made repeated attempts to contact the Defendant's administrator to get clarity on his termination to no avail.

23.     Andrew Simmons, a former co-worker, informed Plaintiff that when he tried to speak up for Plaintiff, the Administrator said they were not hiring anymore maintenance assistants, insinuating that Defendant had eliminated Plaintiff's position.

24.     Thereafter, Defendant hired a white Maintenance Assistant who had no knowledge of maintenance work and was far less qualified than Plaintiff to perform Plaintiff's job duties.

25.     Plaintiff was never formally informed of the day he was terminated, nor was Plaintiff given any valid reason by Defendant.

26.     Plaintiff has retained the undersigned to represent him interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**RACE DISCRIMINATION**

27.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

29.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

### COUNT III
### VIOLATION OF FAIR LABOR STANDARDS ACT

36. Paragraphs 1 through 26 are incorporated herein by reference.

37. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant. Further, Plaintiff is a covered individual within the meaning of the FLSA.

38. Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA.

39. The Fair Labor Standards Act requires that employees be paid overtime pay, which was not paid to Plaintiff. Further, after he complained about not being paid overtime pay, he was retaliated against up to his termination.

40. Defendant knowingly and willfully failed to pay Plaintiff overtime pay and then retaliated against Plaintiff after Plaintiff requested to be paid the overtime pay in direct contravention of the FLSA as evidenced by their failure to compensate Plaintiff per statutory when Defendant knew or should have known such was due and that non-payment of would financially injure Plaintiff.

41. Upon information and belief, during the course of Plaintiff's employment, Defendant failed to maintain accurate and sufficient time and payment records. As a result of Defendant's failure to properly record, report, credit and/or compensate Plaintiff, the Defendant failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

42. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. The acts of the Defendant constitute a willful, deliberate, and intentional violation of the Fair Labor Standards Act. Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid

overtime compensation, an equal amount as liquidated damages, and prejudgment interest. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. §216 (b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 2nd day of February 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF