UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ARCHIE HOGAN JR.,**

    **Plaintiff,**

                                         Case No.:  4:20-CV-280

v.

**3101 GINGER DRIVE OPERATIONS, LLC,**
**D/B/A HERITAGE HEALTHCARE**
**CENTER AT TALLAHASSEE,**

    **Defendant.**
_____/

**JOINT MOTION TO APPROVE FLSA**
**SETTLEMENT AND TO DISMISS WITH PREJUDICE**

Plaintiff, Archie Hogan ("Plaintiff"), and Defendant, 3101 Ginger Drive Operations, LLC, d/b/a Heritage Healthcare Center at Tallahassee ("Defendant"), hereby notify the Court that the parties have resolved all claims raised in this matter under the Fair Labor Standards Act and stipulate to the dismissal of all such claims in this action with prejudice. As such, the parties file this Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

1.    Plaintiff was a Maintenance Assistant for Defendant.  Defendant's former Executive Director, Heidi Smith ("Ms. Smith"), hired Plaintiff.  Plaintiff

1

alleges, in part, that he was not paid overtime while working under Ms. Smith's supervision.

2. On February 2, 2020, Plaintiff, filed a two-count complaint against Defendant under the Florida Civil Rights Act, Chapter 760, Florida Statutes, and the Fair Labor Standards Act ("FLSA") in the Circuit Court of Leon County. (Dkt. 1-1). Defendant then removed the case to the United States District Court, Northern District of Florida, Tallahassee Division. (Dkt. 1-2).

3. As to his FLSA allegations, Plaintiff claimed he worked in excess of forty hours within a work week for Defendant performing tasks, and that he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate, but that he was not paid for many of the overtime hours he worked.

4. Defendant contends that it paid Plaintiff in full, and that Plaintiff is not owed any overtime wages under the FLSA. Defendant further contends that it is not liable under any of the other counts alleged in Plaintiff's complaint and referenced in paragraph 2 above.

5. The parties determined that they prefer to amicably conclude the instant litigation, while taking into account the cost and time associated with ongoing litigation as well as the uncertainty and risks inherent in any litigation.

6. The parties' counsel engaged in substantive settlement discussions regarding Plaintiff's FLSA claim. The parties reached an agreement to resolve the FLSA claim made by Plaintiff.

7. To avoid risks and unknowns, as well as the costs of protracted litigation, the parties desire to fully and finally resolve this action with prejudice, as to all counts, claims, and parties. After a full review of the facts and information, the parties who have been represented by counsel at all times, agree that the negotiated terms of the Fair Labor Standards Act Settlement Agreement, (**Exhibit A**), represents a fair, reasonable, and just compromise of the disputed issues.

8. Taking into consideration Plaintiff's claims and Defendant's defenses, the parties have reached a fair compromise of a total of $30,000.00 in recovery for Plaintiff.  This settlement will be allocated with the following amounts payable to Plaintiff: $11,703.54 in FLSA damages and $5,203.54, which was negotiated separately, for all claims Plaintiff has made, or could ever make, arising out of his employment with Defendant.  Additionally, Plaintiff's counsel will receive $13,092.92 in attorneys' fees and costs as part of a contingency fee agreement with Plaintiff to be paid by Defendant.

9. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and make recommendations

regarding the resolution of Plaintiff's FLSA claim in this matter. The parties' primary dispute, as to the FLSA claim, involved whether Plaintiff actually worked the number of hours he claims and whether he was paid for all hours worked.

10. The parties have memorialized the settlement terms in the Fair Labor Standards Act Settlement Agreement (**Exhibit A**).

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the parties' agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable resolution compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See, e.g., Gruendner v. Douce France Bakery, Inc*., 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp*., 2011 WL 1659383, *3 (M.D. Fla. Apr. 4, 2012).

At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsels. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records. The parties, therefore, respectfully submit that the agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*. *See, e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25, 2013) (approving settlement where parties were represented by counsel). The Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 USCS § 216(b).

## **CONCLUSION**

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: December 11, 2020.

Respectfully submitted,

| | |
|---|---|
| /s/ *Meghan C. McDonough* | /s/ *Elena Komsky* |
| Laura C. Datz, Esq. | Marie A. Mattox |
| Florida Bar No.: 91386 | Florida Bar No.: 0739685 |
| Laura.c.datz@consulatehc.com | marie@mattoxlaw.com |
| Meghan C. McDonough | Elena Komsky |
| Florida Bar No.: 89143 | Florida Bar No.: 116000 |
| Meghan.c.mcdonough@consulatehc.com | elena@mattoxlaw.com |
| Office of General Counsel | Marie A. Mattox, P.A. |
| Consulate Health Care | 203 North Gadsden Street |
| Office of General | Tallahassee, Florida 32301 |
| 5102 West Laurel Street | Attorneys for Plaintiff |
| Suite 700 | Telephone: (850) 383-4800 |
| Tampa, Florida 33607 | Facsimile: (850) 383-4801 |
| Telephone: (813) 769-6280 | Attorneys for Plaintiff |
| Facsimile: (813) 769-6281 | |
| Attorneys for Defendants | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this 11th day of December 2020, to the following: all CM/ECF users of record on this case.

/s/ *Meghan C. McDonough*
Meghan C. McDonough
Florida Bar No.: 89143

DocuSign Envelope ID: EA2D7743-AB74-4A44-A5D1-6BF53671908F

# FAIR LABOR STANDARDS ACT
# SETTLEMENT AGREEMENT

This Fair Labor Standards Act Settlement Agreement ("Agreement") is made and entered into by and between Archie Hogan (hereinafter "Plaintiff") and 3101 Ginger Drive Operations, LLC, d/b/a Heritage Healthcare Center at Tallahassee (hereinafter "Defendant").

Plaintiff was previously employed by Defendant. Plaintiff has brought claims against Defendant for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, in the United States District Court for the Northern District of Florida, Tallahassee Division, Case No. 4:20-CV-280.

In consideration for the mutual promises set forth below, Defendant and Plaintiff agree as follows:

1. Defendant will make the payments specified in paragraph 2 in return for Plaintiff's dismissal with prejudice of the claims he has brought against Defendant in the matter of *Archie Hogan v. 3101 Ginger Drive Operations, LLC, d/b/a Heritage Healthcare Center at Tallahassee*, Case No. 4:20-CV-280, pending in the United States District Court for the Northern District of Florida, Tallahassee Division.

2. Provided this Court enters an Order approving this agreement prior to the dates outlined below in parts b(i) through (b)vi, Defendant will issue payment to Plaintiff as follows:

   a. Defendant shall provide Plaintiff with payment in the gross amount of thirty thousand dollars and no cents ($30,000.00), less all applicable, standard taxable withholdings. Plaintiff agrees to provide Defendant with a fully-executed IRS Form W-4 for Plaintiff, and a fully executed W-9 for Plaintiff's attorneys.

   b. The payment of money to Plaintiff will be made payable as follows:

      i. One check in the amount of three thousand dollars and no cents ($3,000.00) made out to "Law Office of Marie A. Mattox, P.A." for allegations of attorney's fees and costs, to be paid by December 18, 2020.

      ii. One check in the amount of six thousand five dollars and no cents ($6,500.00) made out to "Archie Hogan," less all applicable, standard taxable withholdings, for allegations of the FLSA, to be paid by January 15, 2021.

      iii. One check in the amount of five thousand forty six dollars and forty-six cents ($5,046.46) for allegations of attorney's fees and costs made out to "Law Office of Marie A. Mattox, P.A." to be paid by January 15, 2021.

      iv. One check in the amount of five thousand two hundred three dollars and fifty-four cents ($5,203.54) made out to "Archie Hogan," less all applicable, standard taxable withholdings, for allegations of the FLSA, to be paid by February 19, 2021.

EXHIBIT A

    v. One check in the amount of five thousand forty six dollars and forty-six cents ($5,046.46) for allegations of attorney's fees and costs made out to "Law Office of Marie A. Mattox, P.A." to be paid by February 19, 2021.

    vi. One check in the amount of five thousand two hundred three dollars and fifty-four cents ($5,203.54) made out to "Archie Hogan," less all applicable, standard taxable withholdings, in consideration for all claims Plaintiff has made, or could ever make, arising out of his employment with Defendant, to be paid by March 19, 2021.

  3. Plaintiff promises and obligates himself to perform the following covenants under this Agreement:

   a. Plaintiff agrees that the amount set forth in paragraph 2 represents fair compensation for any unpaid wages, unpaid overtime, liquidated damages, and attorneys' fees and costs that he might have been able to recover from Defendant in connection with the claims she has brought against Defendant in the matter of *Archie Hogan v. 3101 Ginger Drive Operations, LLC, d/b/a Heritage Healthcare Center at Tallahassee,* Case No. 4:20-CV-280, pending in the United States District Court for the Northern District of Florida, Tallahassee Division.

   b. Plaintiff agrees, upon the receipt of the settlement amount described in paragraph 2, to file a stipulation with the Court voluntarily seeking to dismiss with prejudice the claims she has brought against Defendant in the matter of *Archie Hogan v. 3101 Ginger Drive Operations, LLC, d/b/a Heritage Healthcare Center at Tallahassee,* Case No. 4:20-CV-280, pending in the United States District Court for the Northern District of Florida, Tallahassee Division.

   c. Plaintiff acknowledges and agrees that he is solely and exclusively liable for any and all tax liability arising from the payment of the consideration set forth in paragraph 2. However, Plaintiff is not to be held liable if Defendant fails to pay the payroll taxes it withheld from Plaintiff's settlement described in paragraph 2 or to calculate them correctly.

  4. By entering into this Agreement, Defendant does not admit any underlying liability to Plaintiff. Defendant simply wishes to resolve the pending claims to avoid the distraction and cost of litigation.

  5. Any and all prior understandings and agreements between Plaintiff and Defendant with respect to the subject matter of this Agreement are merged into this Agreement, which fully and completely expresses the entire Agreement and understanding of Plaintiff and Defendant with respect to the subject matter hereof. This Agreement may not be orally amended, modified, or changed.

  6. This Agreement is made and entered into in the State of Florida and shall in all respects be interpreted, enforced, and governed under the laws of the said state. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said

EXHIBIT A

illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

### FAIR LABOR STANDARDS ACT
### SETTLEMENT AGREEMENT
### SIGNATURE PAGE

In the Matter of *Archie Hogan v. 3101 Ginger Drive Operations, LLC, d/b/a Heritage Healthcare Center at Tallahassee*
4:20-CV-280

_DocuSigned by:_
*Archie Hogan*
63346F3BB7B342D...
**Signature of Plaintiff**

*Laura C. Datz*
Signature of Authorized Representative of Defendant

12/9/2020
Date of Plaintiff's signature

Associate General Counsel
Title of Authorized Representative of Defendant

December 10, 2020
Date of Signature of Authorized Representative of Heritage Healthcare Center at Tallahassee